UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Frank Gautier and Linda Gautier
<u>Plaintiffs</u>

       v.                          Case No. 1:19-cv-00590-MSM-LDA

Gregg Bruno, alias, and
Jaclyn Casaceli, alias, and
Thomas Lavey, alias, and
Jaime Cahill, alias, and
John Does 1-5, each individually
and in their official capacity as a
Cranston Police Officer or employee,
and City of Cranston, by and through
its Treasurer David Capuano
<u>Defendants</u>

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants City of Cranston ("City" or "Cranston"), by and through its Treasurer, David

Capuano ("Capuano") as well as Gregg Bruno, alias ("Bruno"), Jaclyn Casaceli, alias

("Casaceli"), Thomas Lavey, alias ("Lavey"), and Jaime Cahill ("Cahill"), alias, in their

individual and official capacity as a Cranston Police Officer or employee of the City of Cranston

(collectively, "defendants") hereby file their joint Answer to the Complaint filed by plaintiffs

Frank Gautier (sometimes, "Frank" or "plaintiff") and Linda Gautier (sometimes, "Linda" or

"plaintiff") (collectively, "plaintiffs")[1] and respond as follows:

I.    <u>Introductory Statement</u>

1.    No response is required to this paragraph since it fails to contain allegations of

fact directed at any of the defendants but instead represents an introductory paragraph presented

---

[1] Defendants will at times refer to the individual plaintiffs by their first names in this pleading since they each share a common last name. No disrespect is intended by utilizing first names either in this pleading or future pleadings filed with this court. This method is employed only to keep the record clear and avoid confusion.

by the plaintiffs which contains statements and conclusions of law.  To the extent a response is required, defendants deny the allegations and leave plaintiffs to their proof.

2. Defendants deny the allegations and leave plaintiffs to their proof.

3. Defendants deny the allegations and leave plaintiffs to their proof.

4. Defendants admit that the Cranston Police Department ("CPD") were, at all relevant times hereto, conducting a drug investigation of a non-party to this lawsuit, another individual named Frank Gautier ("Frankie")[2] who apparently is the grandson of at least one of the plaintiffs (Frank).  Defendants admit that members of the CPD had arrested Frankie in the morning of October 25, 2017.  Defendants specifically deny the implication in this paragraph that their search warrant was invalid as well as the remaining allegations contained therein and leave plaintiffs to their proof.

5. Defendants deny the allegations and leave plaintiffs to their proof.

6. Defendants deny the allegations and leave plaintiffs to their proof.

7. Defendants deny the allegations and leave plaintiffs to their proof.

8. Defendants deny the allegations and leave plaintiffs to their proof.

9. Defendants deny the allegations and leave plaintiffs to their proof.

10. Defendants deny the allegations and leave plaintiffs to their proof.

II.  Parties

11. Defendants are without sufficient information or knowledge to form a belief as to the veracity of the allegations contained therein and therefore leave plaintiffs to their proof.

12. Defendants are without sufficient information or knowledge to form a belief as to the veracity of the allegations contained therein and therefore leave plaintiffs to their proof.

---

[2] Defendants will refer to the grandson as "Frankie" to avoid confusion with his grandfather, Frank, who is a  named plaintiff in this case.

13.     Defendants admit that Cranston is a duly authorized municipal corporation and understand that Capuano is solely referenced in the Complaint in his capacity as the Cranston Treasurer in order for plaintiffs to maintain this civil action against the City. To the extent that any additional allegations are set forth in this paragraph, defendants deny the allegations and leave plaintiffs to their proof.

14.     Bruno denies the allegations contained therein and further objects and contests to this civil suit being brought against him in his individual capacity.

15.     Casaceli denies the allegations contained therein and further objects and contests to this civil suit being brought against her in her individual capacity.

16.     Lavey denies the allegations contained therein and further objects and contests to this civil suit being brought against him in his individual capacity.

17.     Cahill denies the allegations contained therein and further objects and contests to this civil suit being brought against him in his individual capacity.

18.     Defendants are without sufficient information or knowledge to form a belief as to the veracity of the allegations contained therein and therefore leave plaintiffs to their proof. Moreover, defendants deny the plaintiffs overall allegations of wrongdoing—whether by the defendants specifically identified in their Complaint or by general reference to "John Does 1-5" and therefore defendants further deny that any other parties associated, related to or within their control committed any of the acts as alleged in the subject Complaint.

III.    <u>Jurisdiction</u>

19.      No response is required to this paragraph since it fails to contains any allegation of fact directed at any of the defendants but instead represents an introductory paragraph containing statements and conclusions of law related to the jurisdiction of this court.  To the

extent a response is required, defendants deny the allegations and leave plaintiffs to their proof.

IV.    Venue

20.    No response is required to this paragraph since it fails to contains any allegation of fact directed at any of the defendants but instead represents an introductory paragraph containing statements and conclusions of law related to the proper venue of this court to hear the pending dispute.  To the extent a response is required, defendants deny the allegations and leave plaintiffs to their proof.

V.    Material Facts

21.    Defendants are without sufficient information or knowledge to form a belief as to the veracity of the allegations contained therein and therefore leave plaintiffs to their proof.

22.    Defendants are without sufficient information or knowledge to form a belief as to the veracity of the allegations contained therein and therefore leave plaintiffs to their proof.

23.    Defendants are without sufficient information or knowledge to form a belief as to the veracity of the allegations contained therein and therefore leave plaintiffs to their proof.

24.    Defendants are without sufficient information or knowledge to form a belief as to the veracity of the allegations contained therein and therefore leave plaintiffs to their proof.

25.    Defendants deny the allegations and leave plaintiffs to their proof.

26.    Defendants deny the allegations and leave plaintiffs to their proof.

27.    Defendants deny the allegations and leave plaintiffs to their proof.

28.    Defendants deny the allegations and leave plaintiffs to their proof.

29.    Defendants deny the allegations and leave plaintiffs to their proof.

30.    Defendants deny the allegations and leave plaintiffs to their proof.

31.    Defendants deny the allegations and leave plaintiffs to their proof.

32.    Defendants deny the allegations and leave plaintiffs to their proof.

33.    Defendants deny the allegations and leave plaintiffs to their proof.

34.    Defendants deny the allegations and leave plaintiffs to their proof.

35.    Defendants deny the allegations and leave plaintiffs to their proof.

36.    Defendants deny the allegations and leave plaintiffs to their proof.

37.    Defendants deny the allegations and leave plaintiffs to their proof.

38.    Defendants deny the allegations and leave plaintiffs to their proof.

39.    Defendants deny the allegations and leave plaintiffs to their proof.

40.    Defendants deny the allegations and leave plaintiffs to their proof.

41.    Defendants deny the allegations and leave plaintiffs to their proof.

42.    Defendants deny the allegations and leave plaintiffs to their proof.

43.    Defendants deny the allegations and leave plaintiffs to their proof.

44.    Defendants deny the allegations and leave plaintiffs to their proof.

45.    Defendants deny the allegations and leave plaintiffs to their proof.

46.    Defendants deny the allegations and leave plaintiffs to their proof.

47.    Defendants deny the allegations and leave plaintiffs to their proof.

48.    Defendants deny the allegations and leave plaintiffs to their proof.

49.    Defendants deny the allegations and leave plaintiffs to their proof.

50.    Defendants deny the allegations and leave plaintiffs to their proof.

51.    Defendants deny the allegations and leave plaintiffs to their proof.

52.    Defendants deny the allegations and leave plaintiffs to their proof.

53.    Defendants deny the allegations and leave plaintiffs to their proof.

54.    Defendants deny the allegations and leave plaintiffs to their proof.

55.     Defendants deny the allegations and leave plaintiffs to their proof.

56.     Defendants deny the allegations and leave plaintiffs to their proof.

57.[3]    Defendants deny the allegations and leave plaintiffs to their proof.

58.     Defendants deny the allegations and leave plaintiffs to their proof.

59.     Defendants deny the allegations and leave plaintiffs to their proof.

60.     Defendants deny the allegations and leave plaintiffs to their proof.

61.     Defendants are without sufficient information or knowledge to form a belief as to the veracity of the allegations contained therein and therefore leave plaintiffs to their proof.

62.     Defendants deny the allegations and leave plaintiffs to their proof.

63.     Defendants deny the allegations and leave plaintiffs to their proof.

64.     Defendants deny the allegations and leave plaintiffs to their proof.

65.     Defendants deny the allegations and leave plaintiffs to their proof.

66.     Defendants deny the allegations and leave plaintiffs to their proof.

67.     Defendants deny the allegations and leave plaintiffs to their proof.

68.     Defendants deny the allegations and leave plaintiffs to their proof.

69.     Defendants are without sufficient information or knowledge to form a belief as to the veracity of the allegations contained therein and therefore leave plaintiffs to their proof.

70.     Defendants deny the allegations and leave plaintiffs to their proof.

71.     Defendants deny the allegations and leave plaintiffs to their proof.

---

[3] Plaintiffs have inserted headers, captions and titles throughout their initiating pleading some of which contain factual assertions but are not set forth in a numbered paragraph. By way of example only, immediately preceding paragraph 57 of the Complaint (and following paragraph 56), plaintiffs insert a caption which reads: "*Defendant Bruno's Hostility Had Grown In The Weeks Preceding the Assault As Plaintiff Asserted His Constitutional Rights*". Other than what is set forth in this footnote to provide an example, defendants have not repeated or inserted those headers, captions or titles in this Answer. Notwithstanding, defendants want to be clear that all such unnumbered statements, allegations, characterizations or assertions found throughout the Complaint are hereby expressly denied.

72.     Defendants deny the allegations and leave plaintiffs to their proof.

73.     Defendants deny the allegations and leave plaintiffs to their proof.

74.     Defendants deny the allegations and leave plaintiffs to their proof.

75.     Defendants deny the allegations and leave plaintiffs to their proof.

76.     Defendants deny the allegations and leave plaintiffs to their proof.

77.     Defendants admit that a secondary search warrant was obtained as part of the CPD's investigation of Frankie but deny the balance of the allegations and leave plaintiffs to their proof.

78.     Defendants deny the allegations and leave plaintiffs to their proof.

79.     Defendants deny the allegations and leave plaintiffs to their proof.

80.     Defendants deny the allegations and leave plaintiffs to their proof.

81.     Defendants are without sufficient information or knowledge to form a belief as to the veracity of the allegations contained therein and therefore leave plaintiffs to their proof.

82.     Defendants admit that Frank was taken into custody and held at the CPD station but deny the remaining allegations and leave plaintiffs to their proof.

83.     Defendants deny the allegations and leave plaintiffs to their proof.

84.     Defendants deny the allegations and leave plaintiffs to their proof.

85.     Defendants deny the allegations and leave plaintiffs to their proof.

86.     Defendants admit the allegations.

87.     Defendants are without sufficient information or knowledge to form a belief as to the veracity of the allegations contained therein and therefore leave plaintiffs to their proof.

88.     Defendants are without sufficient information or knowledge to form a belief as to the veracity of the allegations contained therein and therefore leave plaintiffs to their proof.

89.     Defendants are without sufficient information or knowledge to form a belief as to the veracity of the allegations contained therein and therefore leave plaintiffs to their proof.

90.     Defendants are without sufficient information or knowledge to form a belief as to the veracity of the allegations contained therein and therefore leave plaintiffs to their proof.

91.     Defendants are without sufficient information or knowledge to form a belief as to the veracity of the allegations contained therein and therefore leave plaintiffs to their proof.

92.     Defendants are without sufficient information or knowledge to form a belief as to the veracity of the allegations related to the plaintiffs' sleeping arrangements and therefore leave plaintiffs to their proof.  Defendants expressly deny the allegations related to the claimed malicious prosecution of Frank and therefore leave plaintiffs to their proof.

93.     Defendants are without sufficient information or knowledge at this time regarding the number of court appearances or the length of the proceedings.  Upon information and belief, defendants understand that Frank was found not guilty by a state district court magistrate judge of two (2) of the three (3) criminal charges filed against Frank by Cranston but this same individual was found guilty by the magistrate judge of the crime of disorderly conduct.  Upon information and belief, Frank appealed the guilty finding to the Superior Court where the case was disposed of by way of a filing.  Defendants deny the balance of the allegations contained therein and leave plaintiffs to their proof.[4]

94.     Defendants are without sufficient information or knowledge to form a belief as to the veracity of the allegations contained therein and therefore leave plaintiffs to their proof.

95.     Defendants deny the allegations and leave plaintiffs to their proof.

---

[4] Although Frank exercised his *de novo* right of appeal to the Superior Court on the guilty finding of disorderly conduct and may have resolved the case by way of a "filing", the district court finding of guilt establishes the requisite probable cause of Frank committing a crime which precludes the instant civil action.

96.     Defendants deny the allegations and leave plaintiffs to their proof.

97.[5]   Defendants deny the allegations and leave plaintiffs to their proof.

98.     Defendants deny the allegations and leave plaintiffs to their proof.

99.     Defendants are without sufficient information or knowledge to form a belief as to the veracity of the allegations contained therein and therefore leave plaintiffs to their proof.

100.    Defendants are without sufficient information or knowledge to form a belief as to the veracity of the allegations contained therein and therefore leave plaintiffs to their proof.

101.    Defendants deny the allegations and leave plaintiffs to their proof.

102.    Defendants deny the allegations and leave plaintiffs to their proof.

103.    Defendants deny the allegations and leave plaintiffs to their proof.

104.    Defendants deny the allegations and leave plaintiffs to their proof.

105.    Defendants deny the allegations and leave plaintiffs to their proof.

106.    Defendants deny the allegations and leave plaintiffs to their proof.

107.    Defendants deny the allegations and leave plaintiffs to their proof.

108.    Defendants deny the allegations and leave plaintiffs to their proof.

109.    Defendants deny the allegations and leave plaintiffs to their proof.

110.    Defendants deny the allegations and leave plaintiffs to their proof.

111.    Defendants deny the allegations and leave plaintiffs to their proof.

112.    Defendants deny the allegations and leave plaintiffs to their proof.

113.    Defendants deny the allegations and leave plaintiffs to their proof.

114.    Defendants deny the allegations and leave plaintiffs to their proof.

---

[5] Immediately preceding paragraph 97, plaintiff inserts a heading which reads "*Defendant Cahill's Supervisory Liability*".  As set forth above, defendants specifically deny each of the allegations contained in plaintiff's Complaint which include all of the headings and captions (whether or not the heading is expressly referenced herein).

VII.[6]   <u>Claims for Relief</u>

115.   Based upon representations from plaintiffs' counsel, defendants understand that a notice of claim was sent to the City.

116.   Defendants hereby incorporate their responses to the preceding paragraphs as if fully set forth herein.

<b>COUNT ONE</b><br>
<u>False Arrest and False Imprisonment in Violation of the Fourth Amendment and Actionable Under 42 U.S.C. §1983 Against All Defendants</u>

117.   Defendants deny the allegations and leave plaintiffs to their proof.

<b>COUNT TWO</b><br>
<u>False Arrest and False Imprisonment in Violation of the Fourth Amendment and Actionable Article 1, §6 of the Rhode Island Constitution Against All Defendants</u>

118.   Defendants deny the allegations and leave plaintiffs to their proof.

<b>COUNT THREE</b><br>
<u>Excessive Force in Violation of the Fourth and Fourteenth Amendments Actionable Under 42 U.S.C. §1983 Against All Defendants</u>

119.   Defendants deny the allegations and leave plaintiffs to their proof.

<b>COUNT FOUR</b><br>
<u>Excessive Force in Violation of Article 1, §2 and  §6 of the Rhode Island Constitution Against All Defendants</u>

120.   Defendants deny the allegations and leave plaintiffs to their proof.

<b>COUNT FIVE</b><br>
<u>Malicious Prosecution in Violation of the Fourth, Fifth and Fourteenth Amendments Actionable Under 42 U.S.C. §1983 Against All Defendants</u>

121.   Defendants deny the allegations and leave plaintiffs to their proof.

---

[6] The Complaint incorrectly numbers the next section of their Complaint as "VII" as opposed to "V".  Defendants will refer to the section numbering utilized by plaintiffs for consistency purposes.

<u>COUNT SIX</u>
<u>Deliberate Indifference to Plaintiff's Constitutional Rights, Including Plaintiff's Right to
Necessary Medical Attention While in Custody in Violation of the Fourth and Fourteenth
Amendments Actionable Under 42 U.S.C. §1983 Against All Defendants</u>

122.   Defendants deny the allegations and leave plaintiffs to their proof.

<u>COUNT SEVEN</u>
<u>Deliberate Indifference to Plaintiff's Constitutional Rights, Including Plaintiff's Right to
Necessary Medical Attention While in Custody in Violation of Article 1, §2 and  §6
of the Rhode Island Constitution Against All Defendants</u>

123.   Defendants deny the allegations and leave plaintiffs to their proof.

<u>COUNT EIGHT</u>
<u>Common Law Assault</u>

124.   Defendants deny the allegations and leave plaintiffs to their proof.

<u>COUNT NINE</u>
<u>Common Law Battery</u>

125.   Defendants deny the allegations and leave plaintiffs to their proof.

<u>COUNT TEN</u>
<u>Common Law False Arrest and False Imprisonment</u>

126.   Defendants deny the allegations and leave plaintiffs to their proof.

<u>COUNT ELEVEN</u>
<u>Common Law Malicious Prosecution</u>

127.   Defendants deny the allegations and leave plaintiffs to their proof.

<u>COUNT TWELVE</u>
<u>Loss of Consortium by Linda</u>

128.   Defendants deny the allegations and leave plaintiffs to their proof.

Wherefore, defendants respectfully request that this Honorable Court enter the following

relief:

(i)   That final judgment enter in favor of all defendants on all counts of plaintiffs'

Complaint;

11

(ii)     That any and all relief requested by plaintiffs in their Complaint be denied and

dismissed with prejudice;

(iii)    That defendants are awarded costs and reasonable attorney's fees in defending

this action; and

(iv)    That defendants are awarded any and all other relief this Court deems just,

appropriate and equitable.

<u>AFFIRMATIVE DEFENSES</u>

1.      Plaintiffs fail to state a claim upon which relief can be granted.

2.      Defendants assert and plead all forms of statutory and common law immunity

including but not limited to the public duty doctrine.

3.      Defendants assert and plead absolute immunity as a bar to recovery by plaintiffs

as claimed in their Complaint.

4.      Defendants assert and plead qualified immunity as a bar to recovery by plaintiffs

as claimed in their Complaint.

5.      Defendants assert and plead the statutory cap on damages as a bar and restriction

on the amount of damages recoverable by plaintiffs in this legal matter.

6.      The individual defendants object to and contest suit commenced against them in

their individual capacity.

7.      In addition to the affirmative defenses raised above, the City asserts and pleads

the affirmative defense that a municipality cannot be held liable for punitive damages.

8.      Res judicata.

9.      Collateral estoppel.

10.     The guilty finding of Frank of the underlying crime of disorderly conduct in the

state district court precludes all or some of the claims raised in the Complaint.

11.     Frank's conduct caused all or a part of the injuries and damages claimed by the plaintiffs in this case.

12.     Frank's criminal conduct caused all or a part of the injuries or damages claimed by plaintiffs in this case.

13.     Failure to mitigate damages.  The conduct of Frank substantially caused all or a substantial portion of the alleged injuries and damages claimed by plaintiffs.

14.     Defendants reserve the right to raise and assert any additional affirmative defenses in this legal matter.

Claim of Jury Trial

Defendants hereby claim their right to a jury trial on all issues so triable and designate their counsel, Michael J. Lepizzera, Jr., Esq., as trial counsel.

/s/ Michael J. Lepizzera, Jr.
Michael J. Lepizzera, Jr. (#4995)


Respectfully submitted,
Defendants,
Gregg Bruno, Jaclyn Casaceli,
Thomas Lavey, Jaime Cahill
and City of Cranston, by and through
its Treasurer David Capuano
By and through their Attorney,


/s/ Michael J. Lepizzera, Jr.
Michael J. Lepizzera, Jr. (#4995)
LEPIZZERA AND LAPROCINA COUNSELLORS AT LAW, LTD.
117 Metro Center Boulevard, Suite 2001
Warwick, Rhode Island 02886
Tel. (401) 739-7397
Fax (401) 691-3558
Email:  MLepizzera@LepLap.com

13

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 30, 2020, a copy of the foregoing Notice of Appearance was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Michael J. Lepizzera, Jr.*

Michael J. Lepizzera, Jr. (#4995)